UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYODE POWELL,<br><br>     Plaintiff,<br><br>     v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>     Defendants. | Case No. 14-cv-04248-MEJ<br><br>**ORDER RE: REQUEST TO EXTEND OPPOSITION FILING DEADLINE; ORDER STRIKING OPPOSITION AND RESCHEDULING DEADLINES AND HEARING DATE**<br><br>Re: Dkt. Nos. 79, 85, 88 |

Pending before the Court are Defendant Wells Fargo Bank, N.A.'s and HSBC USA, N.A.'s ("Wells Fargo/HSBC") Motion to Dismiss (Dkt. No. 79, filed on Oct. 14, 2015) and Defendant First American Trustee Servicing Solution ("First American") Motion to Dismiss (Dkt. No. 85, filed on Oct. 23, 2015). On October 27, 2015, pro se Plaintiff Kayode Powell filed a Request to extend the filing deadline for his Opposition to Wells Fargo/HSBC's Motion to Dismiss, which was due by October 28, 2015. Dkt. No. 88. In his Request, Plaintiff asserted Wells Fargo/HSBC did not serve him with their Motion but instead sent it to an incorrect address; as such, Plaintiff requested a filing extension so he could file his Opposition by November 9, 2015 or "a date which the Court sees fit." *Id.*; *see also* First Certificate of Serv., Dkt. No. 81.

The Request did not come to the Court's attention until the date of this Order, due in part to Plaintiff's failure to comply with the Northern District of California's Civil Local Rule 6-3 and also as a result of an internal filing error. In the meantime, Wells Fargo/HSBC properly served Plaintiff at the correct address on October 28, 2015. Second Certificate of Serv., Dkt. No. 87. The Court has just now received Plaintiff's Opposition, which addresses both Defendants' Motions to Dismiss, as of the afternoon of the date of this Order. Plaintiff signed his Opposition on November 13, 2015—days after Plaintiff's proposed filing date of November 9.

Plaintiff's Request and Opposition demonstrate he has not complied with the Civil Local

Rules in preparing and filing these documents. First, the Court previously warned Plaintiff that to request a change in deadlines he must comply with Civil Local Rule 6-3, which requires an Administrative Motion to change time and for that Motion to "be accompanied by a proposed order and a declaration disclosing, among other things, the reasons for his requested enlargement and all previous time modifications in the case, whether by stipulation or Court order." Dkt. No. 75 (Order re: Mot. for Extension to File Am. Compl.) (citing Civ. L.R. 6-3(a)). Plaintiff's Request again does not comply with Civil Local Rule 6-3, disregarding this Court's prior admonition. Second, Plaintiff's recently filed Opposition is 30 pages long, violating Civil Local Rule 7-4(b), which states: "[u]nless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text." Plaintiff <u>must</u> comply with the Civil Local Rules in future filings and interactions with the Defendants and the Court. As Plaintiff's Opposition is not in compliance with these rules, the Court hereby **STRIKES** his Opposition and issues the following **ORDER**:

(1) Plaintiff must file an amended Opposition which complies with Local Rule 7-4 **by November 25, 2015**. <u>Failure to do so may result in sanctions or the dismissal of his case for failure to prosecute.</u>

(2) Defendants' Replies are due **by December 7, 2015** to account for time during the Thanksgiving holiday.

(3) The Hearing is rescheduled for **December 17, 2015.**

As a final note, the Court has previously admonished Plaintiff about the importance of timely filings, and while he is certainly not solely to blame in this instance, he and all parties are admonished that the Court will view skeptically any further Motions for Extensions of Time, particularly those not filed by stipulation.

**IT IS SO ORDERED.**

Dated: November 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge