UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYODE POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04248-MEJ<br><br>**ORDER RE: MOTION TO STRIKE**<br><br>Re: Dkt. No. 134 |

# INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to strike portions of Plaintiff Kayode Powell's Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(f). Mot., Dkt. No. 134; TAC, Dkt. No. 133. Plaintiff filed an Opposition (Dkt. No. 141) and Wells Fargo filed a Reply (Dkt. No. 141). The Court ordered the parties to submit supplemental briefing and vacated the hearing on this matter. Dkt. No. 145. Having considered the parties' positions, the record in this case, and the relevant legal authority, the Court **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's Motion.

# BACKGROUND

The Court's Order re: Motions to Dismiss and Motion to Amend ("Order") sets forth a detailed background of this action. Order at 2-5, Dkt. No. 131. As is relevant here, Plaintiff initiated this action pro se in Alameda Superior Court against Wells Fargo and nine other Defendants.[1] *See* Compl., Dkt. No. 1-1 et seq. On September 19, 2014, Wells Fargo and HSBC

---

[1] Plaintiff named as defendants Fidelity National Title Insurance Company ("Fidelity"); HSBC USA, N.A. ("HSBC"); First American Trustee Servicing Solutions, LLC ("First American"); Doe Credit Reporting Agencies; Nicole Miles-Todd (a Wells Fargo agent); Recorder Patrick

removed the action to this Court. Notice of Removal, Dkt. No. 1.

The parties engaged in motion practice, and on June 10, 2016, Plaintiff filed his Second Amended Complaint ("SAC"). Dkt. No. 105. He asserted six cause of action: (1) Negligence against Wells Fargo, HSBC, and First American; (2) violation of California's Rosenthal Fair Debt Collection Act against Wells Fargo and First American; (3) Breach of Contract against Wells Fargo and HSBC; (4) Fraud against Wells Fargo and HSBC; (5) Declaratory Relief against all Defendants; and (6) Rescission and Restitution against Wells Fargo and HSBC. *See id.*

Wells Fargo and HSBC together moved to dismiss the SAC (WF Mot., Dkt. No. 109), as did First American (FA Mot., Dkt. No. 107). Before briefing concluded on the Motions to Dismiss, Plaintiff filed a Motion for Leave to File a TAC. *See* TAC Mot., Dkt. No. 113. Plaintiff's proposed TAC sought to add causes of action for (1) Wrongful Foreclosure based on the "wrong entity foreclosing" and "invalid substitution of trustee"; (2) a violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (3) a violation of the Real Estate Settlement Practices Act ("RESPA"). *See* Proposed TAC, Dkt. No. 113-1.

Addressing the Motions to Dismiss and the Motion for Leave to File a TAC, the Court dismissed (1) all claims based on challenges to the Assignment and transfer of the Loan, as the Court found Plaintiff did not have standing to challenge the securitization of his Loan; (2) the negligence claims against HSBC and First American; and (3) the Rosenthal Act, breach of contract, and fraud claims against all Defendants. Order at 7-27. The Court further dismissed Plaintiff's declaratory judgment and restitution claims. *Id.* at 27-28. The Court allowed Plaintiff's negligence and UCL claims against Wells Fargo to proceed and allowed him to file the TAC consistent with the Order. *Id.* at 18, 30. In so doing, the Court warned Plaintiff that it was "not grant[ing] Plaintiff leave to amend as to any of the other Defendants or to add any other claims

---

O'Connell; John Kennerty (a Wells Fargo agent); Chet Sconyers (a Wells Fargo agent); and Hank Duong (a First American Agent). Compl. ¶ 4. The Court granted Plaintiff and Fidelity's Stipulation for Dismissal on December 24, 2014. Dkt. No. 31. On April 29, 2016, the Court dismissed the Doe Credit Reporting Agencies, Miles-Todd, O'Connell, Kennerty, Sconyers, and Duong under Rule 4(m) as there was no indication they have been served. *See* Order re: Second Mots. to Dismiss at 40, Dkt. No. 100. The Court dismissed HSBC and First American with prejudice on March 3, 2017. Order.

2

against Wells Fargo" and "w[ould] strike any pleading that does not comply with this Order." *Id.* at 30-31.

In his TAC, Plaintiff asserts negligence and UCL claims against Wells Fargo. TAC ¶¶ 51-103. Plaintiff contends Wells Fargo deliberately mishandled his application for a loan modification by, among other things, repeatedly changing his single point of contact ("SPOC") and failing to effectively provide him with a SPOC, asking him to re-send documents, and failing to timely acknowledge receipt his application. Plaintiff alleges this "directly prevented [him] of the opportunity to modify his loan." *Id.* ¶ 58.

Wells Fargo now seeks to strike portions of the TAC. Plaintiff, now represented by counsel, opposes the Motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters are "those which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation marks omitted).

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). The decision to grant a motion to strike ultimately lies within the discretion of the trial court. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271–72 (N.D. Cal. 2015) (citing *Whittlestone*, 618 F.3d at 973).

**DISCUSSION**

Through their briefing, the parties have narrowed their scope of the Motion. Plaintiff "concedes that the Court has discretion to strike paragraphs 7-11, 13-14, 18-26, 31-36, 38-50, 93, 96, and 97." *Id.* at 5. Having reviewed these paragraphs, the Court finds they do not comply with the Court's Order or otherwise concern immaterial or impertinent matters. As such, the Court STRIKES paragraphs 7-11, 13-14, 18-26, 31-36, 38-50, 93, 96, and 97.

In addition, "Wells Fargo no longer challenges, in its motion to strike, paragraph 27." WF Suppl. Br. at 2 n.1, 5. The Court therefore DENIES the Motion as to paragraph 27.

Only the following portions of the TAC remain at issue: paragraphs 6, 12, 15-17, 28-30, 37, 95, and 103. Opp'n at 4-5; Reply at 2, 5.

**A.  Paragraphs 6, 12, 15, and 17**

Paragraphs 6, 12, 15, and 17 allege the following:

> 6. On December 20, 2005, for value received, Sandra L. Thompson, Wells Fargo Bank, N.A. Vice President Loan Documentation signed and had notarized an Assignment of the [Deed of Trust ("DOT")] assigning the loan to Wachovia Bank, N.A., as Trustee ("Wachovia"). The Assignment of DOT includes the Plaintiff's loan number for the loan encumbering the Subject Property and the address. The document declares that it was "prepared by and when recorded, return to Wells Fargo." The Assignment was not recorded. A true and correct copy of the Assignment is attached as Exhibit C.
>
> 12. On December 30, 2005 U.S. Bank completed the purchase of all of Wachovia Bank, N.A.'s corporate trust services making U.S. Bank the trustee for any securitized trust for which Wachovia Bank, N.A. was trustee prior to the sale.
>
> 15. The merger of Wells Fargo and Wachovia Bank, N.A. was announced on Oct. 3, 2008, and closed on Dec. 31, 2008.
>
> 17. On January 14, 2009 there was filed in the official records of Alameda County, California an Assignment of the DOT to HSBC, as Trustee for WFHET 2005-4 ('HSBC') that was signed and notarized on January 9, 2009. The Assignment of DOT was signed by an agent of Wells Fargo, First American, even though Wells Fargo had sold the Note and assigned its interest in the DOT to Wachovia in 2005.

TAC ¶¶ 6, 12, 15, 17.

The Court previously found that "while several of Plaintiff's claims discuss defects related

4

[to] the Assignment and transfer of Plaintiff's loan, ultimately the Court has no grounds for finding Plaintiff has standing to challenge those actions." Order at 14; *see id.* at 11 ("Plaintiff lacks standing to pursue claims based on defects in the Assignment of his Loan as that Assignment is only voidable, not void, under New York law."). Wells Fargo argues paragraphs 6, 12, 15, and 17 "improperly challenge the authority of Wells Fargo and HSBC by suggesting the assignment to HSBC in 2009 was void because the Loan was previously transferred to Wachovia." WF Suppl. Br. at 5. Plaintiff counters that he "does not make a claim that Wells Fargo does not have authority to enforce the Loan." Pl. Suppl. Br. at 3. Rather, he argues paragraphs 6, 12, and 15 contain facts related to a transfer of servicing or merger of entities and contain "facts [that] are relevant because the contracts and/or agreements related to the servicing of the loan and the transfer of the servicing establish, at least in part, the standard under which a loan modification is reviewed and whether a loan modification application is granted or denied." *Id.* at 4-5. Plaintiff similarly argues paragraph 17 "identifies another entity that will have a contract or agreement with Wells Fargo that will, along with the pooling and servicing agreement, provide, at least in part, the standard under which a loan modification is reviewed and what actions may be taken during such a review, including instructions regarding the nonjudic[i]al foreclosure process." *Id.* at 5.

Even if the contracts or agreements related to the servicing of the Loan establish the standard for reviewing a loan modification, that is not what paragraphs 6, 12, 15, and 17 allege: these paragraphs make no reference to contracts or agreements, nor do they address the loan modification process. To the extent Plaintiff contends the Assignment cited in paragraph 6 establishes the standard for reviewing a loan modification application, the document attached to the TAC does not appear to contain such information. *See* TAC, Ex. C (Assignment of Deed of Trust). The Court finds these paragraphs, as written, are not relevant to Plaintiff's negligence or UCL claims and therefore STRIKES paragraphs 6, 12, 15, and 17.

**B.  Paragraphs 16, 28, 29, and 30**

Paragraphs 16, 28, 29, and 30 allege the following:

> 16.   On January 14, 2009 there was filed in the official records of Alameda County, California, a Substitution of Trustee ("SOT") prepared by First American Loanstar Trustee Services . . . naming

5

> First American the trustee under Plaintiff's DOT. The SOT had been signed on January 1, 2008 by Kyle Forsgren of First American and the SOT was notarized on that same date.
>
> 28. On March 25, 2010 Wells Fargo through its agent First American . . . executed a foreclosure sale of Plaintiff's Property.
>
> 29. On April 1, 2010 First American caused to be filed in the records of Alameda County a Trustees Deed identifying HSBC Bank U.S.A., as Trustee for WFHET 2005-4 as the purchaser of the property for the sum of $250,000. The Trustee's Deed states the purchase was made 'in the amount of $250,000 in lawful money of the United States, or by the satisfaction, pro tanto of the obligation then secured by said Deed of Trust.' Only the true beneficiary can make a credit bid at a foreclosure sale; it is not clear from the Trustee's Deed which method HSBC used to purchase the Property.
>
> 30. On April 27, 2010 First American filed in the records of Alameda County, California, a Notice of Rescission of Trustee's Deed and Trustee's Deed Upon Sale. The Notice states HSBC as Trustee was the purchaser at the sale 'for the sum total of $250,000.' Again there is nothing in the record to clarify whether HSBC made the purchase with cash or credit bid.

TAC ¶¶ 16, 28-30.

Wells Fargo argues these paragraphs "relate to Plaintiff's improper assertion that HSBC lacks authority to act as beneficiary of the Deed of Trust." WF Suppl. Br. at 5. Plaintiff asserts the same argument for each of these paragraphs: they "provide[] facts related to an improper foreclosure conducted by Wells Fargo, which is relevant to whether Wells Fargo caused Plaintiff to suffer emotional distress, actual, and punitive damages." Pl. Suppl. Br. at 5-6. He further argues that "paragraph [29] also provides specifics as the trustee sale that occurred include the amount, holder of Plaintiff's note, and the trust holding Plaintiff's note." *Id.* at 5.

Paragraphs 29 and 30 question the propriety of HSBC's purchase of the Property, in contravention of the Court's prior Order that Plaintiff lacks standing to challenge any defects related to the Assignment and transfer of his Loan (Order at 14). *See* TAC ¶ 29 ("Only the true beneficiary can make a credit bid at a foreclosure sale; it is not clear from the Trustee's Deed which method HSBC used to purchase the Property."); *id.* ¶ 30 ("Again there is nothing in the record to clarify whether HSBC made the purchase with cash or credit bid."). Paragraphs 16, 28, 29, and 30 provide no facts about Plaintiff's negligence claim, which is based on improper handling of Plaintiff's loan modification: paragraph 16 alleges a Substitution of Trustee naming

First American as the trustee for Plaintiff's Deed of Trust, while paragraphs 28, 29, and 30 assert facts concerning a foreclosure sale of the Property and the recordation thereof. Furthermore, these four paragraphs relate to events that appear to have occurred before Plaintiff initiated his loan modification application. *Compare id.* ¶¶ 16, 28, 29 & 30 (alleging events that took place in 2009 and 2010) *with id.* ¶ 61 ("On or around July 17, 2012, Plaintiff faxed in . . . additional . . . documents he had been asked for in order for [Wells Fargo Home Mortgage] to 'activate' Plaintiff's loan for review."). Plaintiff offers no explanation as to why any damages incurred prior to the loan modification are relevant to his claims. As they allege facts that are immaterial to Plaintiff's claims, the Court STRIKES paragraphs 16, 28, 29, and 30.

**C.      Paragraph 37**

Paragraph 37 alleges "Wells Fargo was a signatory to the National Mortgage Settlement (NMS) in which the Defendant agreed to follow specific mortgage servicing guidelines." It quotes a portion of the NMS that, among other things, provides that "Servicer shall not file a [proof of claim] in a bankruptcy proceeding which, when filed, contained materially inaccurate information." *Id.*

Plaintiff argues this paragraph alleges "facts related to the National Mortgage Settlement where Wells Fargo agreed to follow specific mortgage servicing guidelines in an effort to address problematic practices in the mortgage servicing industry including by Wells Fargo." Pl. Suppl. Br. at 6. Plaintiff contends the NMS is relevant because it "establishes, at least in part, the standard under which a jury can decide whether Defendant breached its duty of care." *Id.* But the TAC quotes a portion of the NMS that concerns a proof of claim[2] filed in a bankruptcy proceeding. TAC ¶ 37. Plaintiff does not allege Wells Fargo breached its duty of care in filing a proof of claim; he only challenges Wells Fargo's loan modification review process. As such, the Court finds this paragraph is immaterial and impertinent to Plaintiff's claims and therefore STRIKES paragraph 37.

---

[2] "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a).

7

**D.     Paragraph 95**

Paragraph 95 contains allegations pertaining to Plaintiff's UCL claim. *See* TAC ¶ 95 ("As explained above, and incorporated by reference, Wells Fargo violated California Civil Code §§ 2923.6, 2923.7 and possibly others.").

In its previous Order, the Court found Plaintiff stated a negligence claim against Wells Fargo. Order at 14-18. The Court further found that "[a]s Plaintiff's negligence allegations survive Wells Fargo's dismissal motion, these allegations of unlawful conduct provide predicate violations to support Plaintiffs UCL claim." *Id.* at 29 (internal quotation marks and edits omitted). As such, the Court granted Plaintiff leave to amend his UCL claim. *Id.* at 30.

Wells Fargo argues Plaintiff bases his UCL claim either on Wells Fargo's right to enforce the Loan or Wells Fargo's alleged violations of the California Homeowner's Bill of Rights ("HBOR"). Mot. at 6-7. Wells Fargo further contends the Court did not grant Plaintiff leave to add a UCL claim based on these statutes or otherwise allow Plaintiff to assert claims under these statutes. Reply at 3.

Plaintiff's argument that paragraph 95 asserts the predicate for his UCL claim—that is, Wells Fargo violated California Civil Code sections 2923.6 and 2923.7—ignores the Court's prior holding that "[a]s Plaintiff's negligence allegations survive Wells Fargo's dismissal motion, these 'allegations of unlawful conduct . . . provide predicate violations to support Plaintiff's UCL claim.'" Order at 30 (quoting *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1201 (E.D. Cal. 2010)). Plaintiff offers no argument as to why the Court should now allow him to base his UCL claim on code violations. As the Court did not grant Plaintiff leave to amend to predicate his UCL claim on California Civil Code section 2923.6 or 2923.7 (*see* Order), the Court STRIKES paragraph 95.

**E.     Paragraph 103**

Wells Fargo requests the Court strike Paragraph 103, asserted under Plaintiff's UCL claim, which provides that "Plaintiff should receive exemplary damages and attorneys['] fees for his efforts and expenses incurred in litigating this matter." TAC ¶ 103.

"[A] person who has suffered injury in fact and has lost money or property as a result of

the unfair competition" has standing to seek relief under the UCL. Cal. Bus. & Prof. Code § 17204. "A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *see Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006) ("[N]o one may recover damages under the UCL."). A UCL plaintiff is therefore "generally limited to injunctive relief and restitution." *Id.* (internal quotation marks omitted).

The UCL also does not provide for the recovery of attorneys' fees. *See Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1179 (2002) ("The unfair competition law does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution."); *Cargill Inc. v. Progressive Dairy Sols., Inc.*, 2008 WL 4078737, at *5 (E.D. Cal. Aug. 29, 2008) (defendant's "attorneys' fees request contravenes the Unfair Competition Law's intent, which 'is to make whole, equitably, the victim of an unfair practice . . . [I]n the absence of a measurable loss the section does not allow the imposition of a monetary sanction merely to achieve this deterrent effect.'" (quoting *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 339 (1998); edits in *Cargill*)).

The sole basis for Wells Fargo's Motion to Strike paragraph 103 is that the UCL does not permit the recovery of damages or attorneys' fees. Mot. at 7; Reply at 4-5. Plaintiff contends, without elaborating, that "[u]nder controlling Ninth Circuit law, Wells Fargo['s] request to strike this paragraph must be denied." Opp'n at 5 (citing *Whittlestone*, 618 F.3d at 974-75).

Despite Plaintiff's sparse briefing on this issue, the Court agrees. In *Whittlestone*, the Ninth Circuit "h[e]ld that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." 618 F.3d 974-75. In that breach of contract action, the defendant moved to strike the sole claim for relief—lost profits and consequential damages—on the ground that the contract at issue precluded such relief. *Id.* at 972-73. The Ninth Circuit held the district court erred in granting the motion to strike, because the claim was not an insufficient defense or otherwise redundant, immaterial, impertinent, or scandalous. *See id.* at 974. By arguing damages should be stricken because they were precluded as a matter of law, the defendant's motion to strike "was really an attempt to have certain portions

9

of [the] complaint dismissed or to obtain summary judgment . . . as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id.* at 974. To allow a Rule 12(f) motion to serve "as a means to dismiss some or all of a pleading . . . would . . . creat[e] redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.*

Wells Fargo argues that "[n]othing in the holding in *Whittlestone* precludes all motions to strike a claim for damages." Reply at 4. Even assuming *Whittlestone* does not preclude *all* motions to strike damages, it expressly prohibits motions to strike on the very basis that Wells Fargo asserts: that damages are unavailable as a matter of law. 618 F.3d at 976. Wells Fargo contends "other courts allow a motion to strike an improper prayer for relief." Reply at 4 (citing *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177 (C.D. Cal. 2011)). The *Susilo* court stated that it "may . . . strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law"; however, it relied only on one out-of circuit case for this proposition and did not address *Whittlestone*'s holding. 796 F. Supp. 2d at 1196 (citing *Tapley v. Lockwood Green Eng'rs*, 502 F.2d 559, 560 (8th Cir. 1974)).[3]

Relying on *Whittlestone*, courts in this District have denied motions to strike on the ground that damages are precluded as a matter of law. *See, e.g., Hariri-Vijeh v. Metro. Life Ins. Co.*, 2016 WL 658928, at *2 (N.D. Cal. Feb. 18, 2016) ("[A] court cannot grant a motion to strike on the basis that damages that are precluded as a matter of law." (citing *Whittlestone*, 618 F.3d at 971*Bremer v. Cty. of Contra Costa*, 2015 WL 5158488, at *9 (N.D. Cal. Sept. 2, 2015) ("[T]he City moves to strike the request for attorneys' fees concluding that such relief is precluded as a matter of law, which appears to run afoul of the limits of Rule 12(f) as set forth in *Whittlestone*. 618 F.3d at 971."); *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 272–73 (N.D. Cal. 2015) ("Defendants' first argument—that [p]laintiffs cannot recover punitive damages as a matter of law—fails because it is expressly precluded by the Ninth Circuit's holding in *Whittlestone, Inc. v.*

---

[3] The *Susilo* court ultimately denied the motion to strike. 769 F. Supp. 2d at 1197.

1  *Handi–Craft Co.*"); *Won Kyung Hwang v. Ohso Clean, Inc.*, 2013 WL 1632697, at *22 (N.D. Cal.
2  Apr. 16, 2013) ("[A] motion to strike is not a proper vehicle for seeking dismissal of a claim for
3  damages under *Whittlestone*."); *see also Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.*, 493 F.
4  App'x 838, 839 (9th Cir. 2012) ("[T]he district court struck the request to retain a portion of the
5  premiums upon concluding it was unavailable as a matter of law.  While we acknowledge that [the
6  district court] lacked the benefit of *Whittlestone*'s guidance at the time of his decision, striking [the
7  plaintiff's] request under Rule 12(f) was error.").

8  Some post-*Whittlestone* courts have continued strike requests for damages under the UCL
9  on the ground that the statute does not permit such recovery.  *Johnson v. Napa Valley Wine Train,*
10 *Inc.*, 2016 WL 493229, at *13 (N.D. Cal. Feb. 9, 2016) ("While the great weight of authority
11 follows *Whittlestone*, some courts continue to utilize Rule 12(f) to strike certain types of damages
12 as a matter of law." (collecting cases)); *see, e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D.
13 Cal. 2014) ("The Court grants [d]efendants' request to strike the word 'damages' from [p]laintiffs'
14 UCL claim."); *Ren v. Wells Fargo Bank, N.A.*, 2013 WL 5340388, at *3 (N.D. Cal. Sept. 24,
15 2013) (striking portions of complaint requesting damages and attorneys' fees under the UCL,
16 "since the UCL does not provide for those remedies").

17 Nonetheless, the Court follows the Ninth Circuit's determination that a Rule 12(f) motion
18 to strike is not the proper mechanism for Wells Fargo to address Plaintiff's requested relief under
19 the UCL.  Courts that have stricken claims for relief that are precluded as a matter of law generally
20 did so without addressing the effect of *Whittlestone*.  *See Sandoval*, 34 F. Supp. 3d at 1044; *Ren*,
21 2013 WL 5340388, at *3; *I.R. ex rel. Nava v. City of Fresno*, 2012 WL 3879974, at *2 (E.D. Cal.
22 Sept. 6, 2012).  Wells Fargo's basis for striking paragraph 103—that damages and attorneys' fees
23 are unavailable as a matter of law—is the same argument the *Whittlestone* court rejected as a
24 proper basis for a Rule 12(f) motion.  Moreover, the *Whittlestone* holding is consistent with the
25 Rule's language, which sets forth specific grounds to strike pleadings: "an insufficient defense or
26 any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. R. 12(f).  Rule 12(f)
27 does not contemplate striking a claim for relief because it is precluded as a matter of law, nor does
28 a claim for relief fall under one of the categories articulated in the Rule.  *See Whittlestone*, 618

F.3d at 974 (noting a claim for damages "is clearly not an insufficient defense"; "could not be redundant, as it does not appear anywhere else in the complaint"; "is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief"; "is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged"; and "is not scandalous").

The Court therefore construes Wells Fargo's Motion to Strike as a motion to dismiss. *See Johnson*, 2016 WL 493229, at \*13; *Linares v. CitiMortgage, Inc.*, 2015 WL 2088705, at \*8 (N.D. Cal. May 5, 2015) (relying on *Whittlestone* and construing Rule 12(f) motion to strike punitive damages under UCL as motion to dismiss). Because the UCL only permits restitution or injunctive relief, the Court DISMISSES any claim for exemplary or punitive damages.

As the UCL also does not provide for an award of attorneys' fees, the Court DISMISSES Plaintiff's request for attorneys' fees under that statute. However, "[w]hen California plaintiffs prevail in federal court on California claims, they may obtain attorneys' fees under [California Civil Procedure Code] section 1021.5" if certain requirements are met.[4] *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016); *see Howard v. First Horizon Home Loan Corp.*, 2013 WL 6174920, at \*8 (N.D. Cal. Nov. 25, 2013) (plaintiff "may seek attorney's fees in connection with this [UCL] claim if he satisfies the requirements of section 1021.5").

As Plaintiff now has counsel, the Court will grant Plaintiff a final opportunity to amend paragraph 103 to assert a claim of restitution and/or injunctive relief and to clarify that his request

---

[4] Section 1021.5 provides in part that

> a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Civ. Proc. Code § 1021.5.

1    for attorneys' fees is based on section 1021.5, provided he can do so consistent with his
2    obligations under Federal Rule of Civil Procedure 11.

**F.    Prejudice**

Plaintiff argues Wells Fargo fails to demonstrate it will be prejudiced if these paragraphs remain, as they "are included in a general statement of facts, not the claims themselves." Opp'n at 1. Wells Fargo disputes Plaintiff's contention that it must show prejudice. Reply at 2.

Some courts in this district require the moving party to show prejudice to prevail on a motion to strike. *See DS-Concept Trade Invest, LLC, v. Morgan-Todt, Inc.*, 2017 WL 2180982, at *3 (N.D. Cal. May 18, 2017) ("Where the moving party cannot demonstrate the material will prejudice a party, 'courts frequently deny motions to strike even though the offending matter literally was within one or more of the categories set forth in Rule 12(f).'" (quoting *New York City Empls.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)); *Heldt v. Tata Consultancy Servs., Ltd.*, 132 F. Supp. 3d 1185, 1192 (N.D. Cal. 2015) (same). But the Ninth Circuit has held that "motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Fantasy*, 984 F.2d at 1528; *see Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481 (9th Cir. 1999) ("Rule 12(f) says nothing about a showing of prejudice[.]") (unpub.). A motion to strike is properly granted "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Id.* Absent Ninth Circuit authority to the contrary, the Court follows the standard in *Fantasy*: Wells Fargo need not show the existence of prejudice to justify striking the at-issue paragraphs.

**CONCLUSION**

In light of the foregoing analysis, the Court **ORDERS** the following:

1. Paragraphs 6-15, 17-26, 31-36, 38-50, 93, and 95-97 of the TAC are **STRICKEN**.
2. The Motion as to paragraph 27 is **DENIED**.
3. Paragraph 103 is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may, consistent with his obligations under Federal Rule of Civil Procedure 11, amend paragraph 103 to assert a claim for restitution or injunctive relief and to clarify his

13

basis for attorneys' fees.

Plaintiff shall file his fourth amended complaint consistent with this Order no later than **July 14, 2017**. In addition, the Court shall hold a case management conference on **September 21, 2017** at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by lead trial counsel. No later than seven calendar days before the Case Management Conference, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/mejorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms. If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated: June 23, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge