UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAYODE POWELL,

        Plaintiff,

    v.

WELLS FARGO HOME MORTGAGE, et al.,

        Defendants.

Case No. 14-cv-04248-TSH

**DISCOVERY ORDER**

Re: Dkt. Nos. 172, 173

## I. INTRODUCTION

Pending before the Court are the letter briefs submitted by Plaintiff Kayode Powell ("Powell") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), ECF Nos. 172, 173. The letter briefs filed with the Court were signed only by Wells Fargo. However, at the September 27, 2018 telephonic hearing, Powell confirmed that the letter briefs state his positions as well. Accordingly, having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## II. DISCUSSION

### A. Wells Fargo's RFPs 17, 18, 21-24, 26, 32, 33, 35 and 36 (ECF No. 172)

These RFPs are part of Wells Fargo's third set of requests for production. ECF No. 172, Ex. A. In his responses, Powell asserts eight general objections. ECF No. 172, Ex. B. The first three and the last one aren't really objections. The fourth asserts privilege. The fifth "objects generally to Propounding Party's Requests for Production to the extent the requests are overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence." The sixth objects to the definition of the word "concerning" in the RFPs. The seventh objects to the definitions of "you" and "your."

In each specific response, Powell incorporates by reference his general objections. He then objects again based on privilege. Each response then states, "Subject to and without waiving these objections, Responding Party responds as follows: Responding Party will produce documents in Responding Party's custody and control to the extent such documents exist and have not been previously produced." The specific responses for each of the listed RFPs are the same.

Wells Fargo says that in response to its first two sets of RFPs, Powell produced 2,265 pages of documents. (Powell says it was 2,297 pages.) The parties appear to agree that following his responses to Wells Fargo's third set of RFPs, Powell did not produce any additional documents.

Wells Fargo says it has reviewed the prior productions and found nothing responsive to its third set of RFPs. Wells Fargo argues Powell's responses are incomplete and evasive because he was required to determine by the date of the production whether the requested documents exist. Wells Fargo argues that unless further documents are forthcoming, Powell should be required to amend his responses to state he is unable to comply and provide the reason he is unable to comply, such as the documents never existed or were lost.

Powell disagrees, asserting that a party is not required to state that no responsive documents exist. He also contends that there is no requirement that a party identify the categories to which each document is responsive. Finally, Powell asserts that based on his own review of his document production, he has in fact produced at least some documents responsive to Wells Fargo's third set of requests.

Federal Rule of Civil Procedure 34(b)(2)(C) provides "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Technically, Powell's responses are evasive because they do not say whether he has withheld documents based on his fifth, sixth and seventh general objections. Otherwise, they are fine. If a litigant states he is not withholding documents based on his objections, and then produces nothing, that means he didn't have the requested documents. Nothing in Rule 34 requires a litigant to *explain* why he didn't have them (e.g., "I never had them," or "I destroyed them"), although that is a common and often proper

subject for an interrogatory or a Rule 30(b)(6) deposition. Rule 34 merely requires him to state the extent of his willingness or refusal to produce what he has.

The Rutter Guide does say that "[a] response of inability to comply with Rule 34 may state the following: That a diligent search and reasonable inquiry has been made in an effort to locate the item requested; and [t]he reason the party is unable to comply: e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party." Prac. Guide Fed. Civ. Pro. Before Trial ¶ 11:1913. To be sure, a litigant *may* state those things if it wants to, but the cases cited by that section of the Rutter Guide do not support the notion that this is a requirement. There is nothing in Rule 34 that requires this.

Accordingly, the Court **ORDERS** Powell to amend his responses to RFPs 17, 18, 21-24, 26, 32, 33, 35 and 36 within two weeks to state, for each of the RFPs, whether he has withheld any documents based on his fifth, sixth and seventh general objections. Wells Fargo's motion to compel is otherwise **DENIED**.

## B.  Wells Fargo's Interrogatories 14 and 16 (ECF No. 173)

Wells Fargo's interrogatory 14 requests that Powell "[p]rovide a list of names and dates for any health care provider that treated YOU between January 1, 2008 to the present." The term "health care provider" is undefined. ECF No. 173, Ex. A.

Wells Fargo's interrogatory 16 requests that Powell "[p]rovide a list of medication names and dates for any medication YOU were prescribed between YOU between January 1, 2008 to the present." (The Courts assumes that "between YOU" is a typo.)

Powell responds to both interrogatories as follows:

> Responding Party objects to this interrogatory as neither relevant to any party's claim or defense, nor is proportional to the needs of the case. Responding Party further objects to this interrogatory in accordance with the California Constitution, Article 1, section 1. Subject to and without waiving these objections, Responding Party responds as follows: Plaintiff makes his claim for general "garden variety" emotional distress damages related to "humiliation, mental anguish, and emotional distress." Plaintiff does not suffer from a specific psychiatric injury or disorder as a result of Defendant's conduct; he does not intend to offer expert testimony regarding emotional distress; he does not intend to introduce any medical

records; and has not conceded that his mental condition is "in controversy" under Federal Rule of Civil Procedure 26. Plaintiff further states that he has obtained no medical diagnosis, nor has he sought treatment from a medical professional as a result of Defendant's conduct.

ECF No. 173, Ex. B.

Wells Fargo argues the interrogatories seek relevant information because "Plaintiff's deposition testimony and second amended initial disclosures indicate he is seeking emotional distress damages." Powell responds that the interrogatories are barred by his right to privacy under the California constitution. He adds, moreover, "that he does not suffer from any psychiatric injury or disorder, obtained no diagnosis, and has not sought medical treatment as a result of Wells Fargo's conduct."

Because Powell seeks emotional distress damages, he "has placed his mental condition at issue and therefore waived . . . his privacy rights with respect to his medical records. Defendant is entitled to discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it." *Bangoura v. Andre-Boudin Bakeries, Inc.*, 2012 WL 5349569, *3 (N.D. Cal. Oct. 29, 2012).

However, Wells Fargo's interrogatories are overbroad. *Does v. City of Chula Vista*, 196 F.R.D. 562, 570 (S.D. Cal. 1999) ("To date, the parties have taken an 'all or nothing' approach to this discovery dispute. Plaintiff contends that none of the medical records are discoverable, while defendants contend that all are. These black and white positions do not advance the resolution of the lawsuit."). Read literally, interrogatory 14 asks Powell to list every time he went to the dentist or an optometrist, or had any other type of medical appointment at all, in the last decade – subjects clearly unrelated to alleged emotional distress damages. Similarly, interrogatory 16 asks, among other things, for every time Powell took antibiotics or underwent chemotherapy in the last decade. Potentially, a list of all medications a person took in the last decade could reveal sensitive personal information wholly unrelated to a claim for emotional distress damages. Accordingly, the Court will narrow interrogatories 14 and 16 to require Powell to answer them only with respect to health

care treatments and medications taken as a result of Wells Fargo's alleged conduct in this action.[1]

Accordingly, the Court **ORDERS** Powell to amend his response to interrogatory 14 within two weeks to provide a list of names and dates for any health care provider that treated him between January 1, 2008 to the present for any distress caused, in whole or in part, by Wells Fargo's alleged conduct in this action, or to state that there were none. The Court also **ORDERS** Powell to amend his response to interrogatory 16 within two weeks to provide a list of medication names and dates for any medication he was prescribed between January 1, 2008 to the present, in whole or in part, because of any distress caused by Wells Fargo's alleged conduct in this action, or to state that there were none.

**IT IS SO ORDERED.**

Dated: September 28, 2018

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] From the parties' letter brief, it sounds like there may be nothing responsive to the interrogatories as narrowed. Nonetheless, such a response may have evidentiary value for Wells Fargo.