UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYODE POWELL,<br><br>           Plaintiff,<br><br>      v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>           Defendants. | Case No. 14-cv-04248-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**ORDER REFERRING PARTIES FOR FURTHER SETTLEMENT CONFERENCE**<br><br>Re: Dkt. No. 197 |

## I. INTRODUCTION

After the parties in this case filed a joint notice of settlement, Plaintiff Kayode Powell filed a declaration stating the parties' settlement discussions had reached an impasse and requesting that the Court allow his counsel, Eric Mercer, to withdraw from the case so he can communicate directly with opposing counsel as to the terms of settlement. Powell Decl., ECF No. 193. Now pending before the Court is Mercer's Motion to Withdraw as Counsel. ECF No. 197. Defendant Wells Fargo Bank, N.A. filed a partial opposition related to the schedule for its pending motion for summary judgment. ECF No. 199. The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 25, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the reasons set forth below.

## II. BACKGROUND

Powell brings this action against Wells Fargo for alleged servicing violations committed during the servicing of Powell's home loan. Fourth Am. Compl., ECF No. 149. On January 11, 2019, the parties provided notice that they reached an agreement in principle to settle this matter and requested the Court vacate all deadlines pending resolution of several issues that remained as

United States District Court
Northern District of California

to the terms of the settlement. ECF No. 191. That same day, the Court granted the parties' request and ordered them to file a dismissal within 30 days or show cause why this action should not be dismissed. ECF No. 192. Powell subsequently filed a declaration on February 12, 2019 stating the parties' settlement discussions had reached an impasse and they were unable to finalize a settlement agreement. Powell Decl. ¶ 6. Powell also stated that communications have become difficult with his attorney and he no longer wished to have Mercer represent him. *Id.* ¶ 7. He requested the Court issue an order allowing Mercer to withdraw from this matter and to allow him to represent himself, noting that he represented himself in this action "from the time I filed a complaint in Alameda County in September 2014 to until April 2017 when Mr. Mercer became my attorney" and "I believe I can adequately protect my interests in this action." *Id.* Powell also stated that he recently suffered a hit-and-run accident and requested "that any deadlines or hearings are postponed until I can recover sufficiently to attend Court." *Id.* ¶ 9.

On February 14, 2019, Wells Fargo filed a response to Powell's declaration, objecting to his request for an "open-ended stay of the proceedings," arguing that he "does not intend to honor the parties' settlement and intends to delay the proceedings indefinitely." ECF No. 194. Wells Fargo also requested that its motion for summary judgment, which has been pending since October 29, 2018, be scheduled for hearing as soon as practical. *Id.*

On February 26, 2019, the Court notified Powell that counsel may not withdraw from this action until relieved by order of the Court pursuant to Civil Local Rule 11-5(a) and therefore directed Mercer to file a motion to withdraw. ECF No. 196. The Court also informed the parties that any such motion would stay all deadlines related to Wells Fargo's summary judgment motion pending resolution of the motion to withdraw. *Id.*

Mercer filed the present motion on March 14, 2019, requesting permission to withdraw because "Powell has expressly informed his counsel, Mr. Mercer, and this Court that he no longer wishes Mr. Mercer to represent him in this matter." Mot. at 1. Mercer also states that his continued representation of Powell may violate California Rule of Professional Conduct 1.16(b) because he "believes that Plaintiff, Mr. Powell, 'insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a nonlitigation matter, that is not

warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law' and 'by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively.'" *Id.* at 2 (quoting Cal. Rules of Prof'l Conduct, Rule 1.16(b)(1), (4)).

On March 25, 2019, Wells Fargo filed a Partial Opposition, opposing Mercer's motion "only to the extent Plaintiff's motion impacts the schedule for Wells Fargo motion for summary judgment scheduled for April 25, 2019." Opp'n at 1.

## III.   LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 1.16(d), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client,

including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## IV.    DISCUSSION

The Court finds good cause exists to permit Mercer's withdrawal. Rule 1.16(b) provides that a lawyer may withdraw from representing the client if "the client knowingly* and freely assents to termination of the representation." Cal. Rules of Prof'l Conduct, Rule 1.16(b)(6). Here, there is no question that Powell assents to termination of Mercer's representation as his request to represent himself was the catalyst for the present motion. Powell has declared that communications have become difficult with Mercer and he no longer wishes to have Mercer represent him. Powell Decl. ¶ 7. Accordingly, withdrawal is appropriate on this ground and the Court need not consider Mercer's other grounds for withdrawal.

As to the remaining factors, Mercer has taken reasonable steps to avoid foreseeable prejudice to Powell in that he provided sufficient notice of this motion and there is no prejudice to Powell as he seeks to represent himself. Mot. at 2. Further, although Wells Fargo may be prejudiced by Mercer's withdrawal because it could further delay resolution of its motion for summary judgment, the Court previously informed the parties that all deadlines related to its motion would be stayed if Mercer filed a motion to withdraw. ECF No. 196. Thus, although Wells Fargo refers to an April 25, 2019 hearing date for its motion, *see* Opp'n at 1, the hearing and briefing deadlines have already been vacated. And, as it still possible that this matter resolves informally, further briefing and a hearing on Wells Fargo's motion might be unnecessary. Finally, Wells Fargo notes that the parties have not discussed finalizing a settlement since January. *Id.* However, as Powell seeks to communicate directly with Wells Fargo as to the terms of settlement,

it is understandable that no further discussions have taken place pending resolution of Mercer's motion.

As good cause exists, the Court **GRANTS** Mercer's motion to withdraw. However, because there is no indication that Powell has retained new counsel, the motion is granted on the condition that Mercer shall continue to serve all papers from the Court and from Wells Fargo on Powell for forwarding purposes until Powell files a notice of his address for service or a substitution of counsel is filed as provided by Civil Local Rule 11-5(b). For all such documents, Mercer shall e-file proof of service upon Powell. No chambers copy is required.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Mercer's motion to withdraw. Powell is **ORDERED** to file a notice of his address for service or a substitution of counsel by April 15, 2019. Mercer shall continue to serve all papers from the Court and from other parties on Powell for forwarding purposes until relieved of this duty by the Court.

The parties are hereby **REFERRED** to Judge Corley for a further settlement conference at her earliest convenience. If the parties' settlement negotiations are unsuccessful, Wells Fargo may request the Court place its motion for summary judgment back on calendar.

As Powell is now proceeding pro se, the Court reminds him of the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Powell may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: March 29, 2019

THOMAS S. HIXSON
United States Magistrate Judge