UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYODE POWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>        Defendants. | Case No. 14-cv-04248-TSH<br><br>**ORDER RE: MOTION FOR RECONSIDERATION UNDER FEDERAL RULES OF CIVIL PROCEDURE 59(E) AND 60(B)**<br><br>Re: Dkt. No. 214 |

## I.    INTRODUCTION

Kayode Powell brings this action against Wells Fargo Bank, N.A., for alleged servicing violations related to his home loan.[1] On May 29, 2019, the Court granted Wells Fargo's summary judgment motion and entered judgment in its favor. ECF No. 212 ("MSJ Order"). Powell now seeks reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 214. The Court finds this motion suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the relevant legal authority and the record in this case, the Court **DENIES** Powell's motion for the following reasons.

## II.    LEGAL STANDARD

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b). As of 2009, the Federal

---

[1] The full factual and procedural background of this case can be found in the Court's previous orders. *See* ECF Nos. 71, 100, 131, 148, 212.

Appellate Rule 4's deadline to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) is 28 days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Powell's present motion, filed June 26, 2019, was filed within the 28-day period and is therefore timely under both rules.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Importantly, a Rule 59(e) motion has certain limitations. Though it permits the district court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995)). Moreover, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Rule 60(b) "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" *TCI Grp. Life Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). But like Rule 59(e), Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989).

## III. DISCUSSION

Powell argues the "[n]egligence claim now in front of the court is not representative of the core issues that make up the full narrative of this action." Mot. at 2. However, the Court did not deny Powell an opportunity to be heard on his claims in full; to the contrary, this case has been pending for nearly five years and Powell was given significant process and consideration during those proceedings, including the opportunity to amend his complaint four times. *See Yould v. Barnard*, 2018 WL 4300523, at *2 (N.D. Cal. Sept. 10, 2018) (finding no basis for relief under Rule 59(e) or Rule 60(b) where plaintiff was granted leave to file three complaints), *aff'd*, 2019 WL 2486703 (9th Cir. June 14, 2019).

Powell also argues the Court erred in granting summary judgment as to his negligence claim because it applied incorrect caselaw. Mot. at 2-3. In its MSJ Order, the Court noted that a "'financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." MSJ Order at 9 (quoting *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014)). And, because Powell's negligence claim involved a loan modification application, the Court recognized that California courts "are divided on whether a loan servicer owes a duty of care in the residential loan modification context." *Id.* at 9-10 (comparing *Lueras v. BAC Home Loans Serv.*, *LP*, 221 Cal. App. 4th 49, 67 (2013) (holding loan service providers do not owe a plaintiff a duty of care when considering a loan modification application), with *Alvarez*, 228 Cal. App. 4th at 948 (concluding that "because defendants allegedly agreed to consider modification of the plaintiffs' loans, the *Biakanja* factors clearly weight in favor of a duty [of care].")).[2] However, after an extensive discussion regarding the split in authority, the Court found the *Lueras* line of cases more persuasive and therefore found "that mortgage servicers do not owe borrowers a duty of care in the processing of loan modification applications because such activities 'are indistinguishable from the process of providing an original loan, and therefore, fall within the lender's conventional role as a lender of money.'" MSJ Order at 10-12 (quoting *Marques v. Wells*

---

[2] *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958).

3

*Fargo Bank, N.A.*, 2016 WL 5942329, at *8 (N.D. Cal. Oct. 13, 2016)). Powell argues the Court's MSJ order is an attempt to circumvent *Alvarez*, but the Court already considered this argument and again finds it unpersuasive here. Further, "[a] district court does not commit clear error warranting reconsideration when the question before it is a debatable one." *Reyes v. Sotelo*, 2013 WL 5609359, at *1 (N.D. Cal. Oct. 11, 2013) (denying reconsideration of summary judgment motion under Rule 59(e) where plaintiff repeated arguments from prior filings) (citing *McDowell*, 197 F.3d at 1255) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Finally, Powell contends the Court failed to consider his claim for ineffective assistance of counsel. Mot. at 1. However, the Court addressed this on at least two prior occasions. First, on February 12, 2019, Powell requested that he be permitted to represent himself, stating that communications with his attorney had become difficult and that "I believe I can adequately protect my interests in this action." Powell Decl. ¶¶ 6-9, ECF No. 193. The Court subsequently granted his former counsel's motion to withdraw based on Powell's initial request and his assent to the motion. ECF Nos. 197, 200. Second, in his opposition to Wells Fargo's summary judgment motion, Powell did not address the merits of Wells Fargo's motion but instead requested a stay to locate an attorney to represent him. ECF No. 211. Given that Powell made no indication that he would seek new counsel prior to his opposition, the Court found a stay unnecessary given his prior request that his attorney be permitted to withdraw so he could represent himself and the ample time he had to find new counsel between the time the Court granted counsel's motion to withdraw (March 29, 2019) and the time Powell filed his opposition (May 23, 2019). MSJ Order at 7 n.3.

Powell has not met his burden to establish a basis for reconsideration under Rule 59(e) or Rule 60(b). His arguments focus solely on alleged errors by the Court, but the Court is not convinced that any such error occurred. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (holding the purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings"); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (holding

4

Rule 60(b)(1) "may include mistake and inadvertence by the judge").

## IV. CONCLUSION

In sum, the Court finds no basis for extraordinary relief under Rule 59(e) or Rule 60(b). Powell's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: July 5, 2019

THOMAS S. HIXSON
United States Magistrate Judge